## PETERS v. CHICAGO BISCUIT CO. et al.

(District Court, N. D. Illinois, E. D. October 3, 1912.)

### No. 27,869.

PATENTS (§ 328*)—NOVELTY—PACKAGE FOR BISCUITS.

The Peters patent, No. 621,974, for a method of and means for packing biscuit, crackers, and the like, the package consisting of a carton, having an interfolded lining of wax or paraffine paper to exclude the dust and moisture, is void for lack of patentable novelty, in view of the prior art.

In Equity. Suit by Frank M. Peters against the Chicago Biscuit Company, Augustus B. Crossman, Michael J. Flanagan, and Michael J. Hogan. On final hearing. Decree for defendants.

Charles K. Offield, of Chicago, Ill., Earl D. Babst, of New York City, and Offield, Towle, Graves & Offield, of Chicago, Ill., for complainant.

Paul Bakewell, of St. Louis, Mo., and P. C. Dyrenforth, and W. W. Gurley, both of Chicago, Ill., for defendants.

KOHLSAAT, Circuit Judge. This cause is now before the court on final hearing. The bill charges infringement of patent No. 621,-974 for method of and means for packing biscuit, crackers, or the like, granted to F. M. Peters March 28, 1899, the four claims of which read as follows, viz.:

"1. The herein described method of packing biscuit, crackers, or the like, which consists in completely enveloping the same in an uncut or continuous lining or protective sheet and an outer sheet or blank of heavier, but flexible, material provided with marginal flaps, by superposing the lining or protective sheet upon the blank and then simultaneously folding both said sheet and said blank by the aid of a suitable former into the form of a box or carton, overlapping and tucking said flaps during said folding and thereby interfolding the marginal portions of the lining or protective sheet with the flaps of the blank and securing the flaps to hold the package closed, substantially as described.

"2. The herein described box or carton for crackers, biscuit, or the like, comprising an internal lining composed of a sheet of protective paper completely enveloping the contents, and an outer sheet of heavier, but flexible, material having overlapping and interlocking flaps with which the marginal portions of the lining sheet are interfolded, substantially as described.

"3. The herein described box or carton for biscuit, crackers, or the like, comprising an internal protective lining composed of a single continuous or unbroken sheet of material, such as waxed paper, and an external covering of heavier, but flexible, material suitably cut and scored to provide overlapping and tucking flaps, said sheets being adapted to be simultaneously folded while one is superposed upon the other, and said flaps being overlapped and tucked and the marginal portions of the lining interfolded therewith and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the package thereby secured without extraneous fastening means or perforating the lining, substantially as described.

"4. The herein described box or carton, comprising an internal protective lining composed of a single continuous or unbroken sheet of material, such as waxed paper, and an external covering of heavier material suitably cut and scored to provide overlapping and tucking flaps, and said lining sheet being of such dimensions as to provide a top fold adapted when folded to afford a triangular flap of greater length than the width of the box, and to be engaged by the top flap of the external covering and pass therewith into the space between the edges of the front of the covering and the lining sheet, said flaps being overlapped and tucked and the marginal portions of the lining interfolded therewith, and the package thereby secured without extraneous fastening means or perforating the lining, substantially as described."

In brief, the patent covers the method of packing biscuit, etc., in a carton formed by imposing upon any of the well-known suitable forms for a folding box, including a top or cover, an uncut, flexible sheet of wax or paraffine paper, and then interfolding the form and uncut sheet together in the usual manner of folding cartons, so that the wax or paraffine paper will form a complete and unbroken lining to the carton, and the two become a unitary packing box. The patent also covers the packing box thus obtained.

The patent in suit was sustained by the Circuit Court for the Eastern District of Missouri. Peters v. Union Biscuit Co. (C. C.) 120 Fed. 679. On appeal the Circuit Court of Appeals held it invalid. 125 Fed. 601, 60 C. C. A. 337. Suits were afterward brought in the Southern district of New York, the district of Connecticut, and the district of Indiana, in all of which such action was had as that the validity of the patent was sustained. In these cases, however, the decrees were entered without contest. In the present case, commenced August 24, 1905, it was sought to have the court dispose of the cause on demurrer, which motion was denied. The record now before the court is in many respects new, and apparently very full, so that complainant is entitled to an independent investigation of the facts and the law, notwithstanding the results of other litigations, except in so far as the latter bear persuasively upon the facts now before the court. The defenses interposed are: (1) Want of invention; (2) noninfringement.

The object sought in the use of the inner lining is the approximate exclusion of air, moisture, dirt, and insects. This end is in practice further accomplished by complainant's practically exclusive licensee, the National Biscuit Company, by the use of an outer sealed wrapper or envelope, entirely inclosing the package and contents. This wrapper, the patentee asserts, is mainly for advertising purposes, by the licensee. It is not claimed that a package formed with a wax or paraffine paper lining is new, but it is insisted by complainant that the combination of 'such a lining with, and adjusted to, the forms or blanks prepared for use in constructing completely inclosed cartons in such a manner that the lining shall interlock with the slits, tongues, and flaps of the form, notwithstanding it be itself uncut, is new.

With reference to the prior art, a number of patents have been placed in evidence, which defendants assert disclose whatever of patentable novelty may otherwise have existed in complainant's concept. On examination of defendants' expert, six of these were selected as

disclosing the idea of the patent in suit, viz.: H. M. Albert patent, No. 355,496, for a paper box or basket, granted January 4, 1887; patent No. 550,870, granted to J. R. Cook December 3, 1895, for a box of cardboard or other similar material; patent No. 257,522, granted to S. H. Smith May 9, 1882, for box or bucket for berries, etc.; patent No. 285,456, granted A. Brehmer September 25, 1883, for a paper box; patent No. 232,930, granted to J. Bower October 5, 1880, for a waterproof paper bag; and patent No. 218,650, granted to James H. Weaver August 19, 1879, for a mail matter packet. An examination of the record leads to concurrence in this selection as being fairly representative of the prior art.

Bearing in mind complainant's insistence that his device was the first complete wax paper lined carton or packing box for crackers and the like, in which the lining is throughout and practically integrally interlocked with the tongues, flaps, and slits of the carton form, do these prior patents disclose the Peters box? As above stated, the Albert patent calls for a paper box or basket for carrying oysters and other moist substances; i. e., for a waterproof paper box without cover. It provides for a strawboard box with a thin manila paper lining pasted on the inner walls, but loose at the outside folds—

"whereby the two layers of paper are integral to form the inner walls of the box. * * * The two paper layers are pasted together only at those parts which form the inner walls of the box, while at those parts which form the outside folds or laps the lining is unattached to the strawboard, to allow it to be lapped at two sides with the latter."

The four sides of the form are raised to form the box, while the corner sections of the lining are turned and folded or lapped in between the strawboard sections a and its corner sections c, etc. The folded ends are held in place by the ends of the bail or handle, which are bent into the shape of hooks. The form used provides for no top part or cover, so that the carton is purposely left open at the top. This device evidently involves the interlocking of the folding parts of the lining with the form, but lacks the interlocking tongue and groove ends, a bail end being used instead, and, as above stated, also lacks the top cover. Otherwise the steps taken closely resemble those of the Peters patent.

The Cooke patent discloses a box for use by bankers in the transportation of bank notes, etc.

"The essential feature * * * resides in pasting or otherwise securing to the blank from which the box is built up a wrapper in such manner that the same can be utilized in like manner as a separate sheet of wrapping paper, having the advantage, however, of being always attached to the box and of being the proper size."

As disclosed by the patent, this device has no interfolding or interlocking features. It was suggested by the examiner, and concurred in by the Circuit Court of Appeals for the Eighth Circuit in Union Biscuit Company et al. v. Peters, aforesaid, that it would not involve invention to place the wrapper on the inside of the box instead of the outside. The mere reversal of the parts, resulting in the same relation thereof to each other, would be attained by bending the members of the form or blank in the opposite direction, were that possi-

ble; but if, by reversing the order, the lining entered into a new relation to the form, and became interlocked, and practically integral therewith, constituting a unitary structure, the statement of the examiner may not, if the result be new, go undisputed. Except for the paste, Cooke had two distinct boxes. His flaps were secured by sealing wax, and have no means for interlocking with each other. While he might have used a different form and reversed the relation of the two sheets, he did not have the idea.

The Smith patent covers a box or bucket for carrying oysters, fruit, etc., which seems to be the box of Albert, which it precedes, plus an ordinary cover. It is not a closed box, however, as the openings for the bail ends and cover leave liberal opportunities or points of undesirable access and egress. It is made from a sheet of wood veneer.

The Bower patent calls for a waterproof lined paper bag. The lining or waterproofing is attached to the outer bag only by means of one pasted edge. There is no carton or interfolding. Except for the pasted line, there would be two independent bags.

The patent to Weaver calls for "a packet consisting of a sheet of paper and of a sheet of flexible metal folded together at the seams or joints, the said metallic sheet having the property of stiffness or rigidity to a sufficient degree to serve to hold together firmly the parts united at the seams and at the mouth." The metal may be either on the inside or on the outside of the sack.

The Brehmer patent is for a form or carton for a closed box without lining.

In addition to the foregoing, defendant adduces patent No. 288,-255, granted to H. S. Munson November 13, 1883, for a lined paper box known as a knock-down box. The interior lining is cut to the proper width and length and pasted or otherwise secured to the interior of the box, so as to project from either or both ends thereof. When the box is set up into tubular form to receive its contents, the wrapper at one end is enfolded upon itself, and the form flaps at that end are then folded upon the folded lining ends. The box is then set up on its closed end and filled from the other end. The open end is then closed in the same manner as the other end. The so-called lining is preferably made in two pieces, one at each end. No provision is made for a complete interior lining; the object being, apparently, to provide foldable lining. The object seems to be to protect the carton at its folding ends from the undesirable ingress and egress of matter. It has no interfolding or inside and outside parts, is tubular in form, and unadapted to bakery uses.

The deductions to be made from the foregoing statements of the prior art are: (1) That it was old to interlock wax or paraffine lining sheets with the flaps, tongues, slits, and other parts of a carton for the purpose of forming a water-tight receptacle or open package; (2) that nowhere prior to Peters was there produced a package lined throughout all of its faces with waterproofing, so arranged and constructed as to constitute a practically liquid and dust proof receptacle. It would have required no invention to substitute for the hooked bail

ends of Albert and Smith the well-known slit and tongue adjustment of the pasteboard art. We must look for invention, then, in the extension of the two last-named devices to a box which adds to the Albert and Smith boxes a sixth water-tight face; i. e., a top, thereby creating a unitary complete water-tight package. This, of course, involves a form of carton different from that of Albert and Smith, in that the same must be cut to provide for a top or cover, which the latter two do not provide for. The selection of a well-known form of carton would hardly be deemed invention. Can it be claimed that, by using a well-known form of blank which carried a cover, instead of the Albert form, and folding it in connection with a wax or paraffine lining of a corresponding size, complainant exercised inventive thought?

In his original application, complainant called for the following claims, viz.:

"1. The hereinbefore described method of packing biscuit, crackers, or the like, which consists in providing a foldable box blank having flaps adapted to be overlapped and interlocked, superposing thereon a sheet of protective paper of substantially similar dimensions and then simultaneously folding both said sheet and blank and interfolding the marginal portions of the sheet with the flaps of the blank, substantially as described.

"2. A package for crackers, biscuit, or the like, comprising an internal lining composed of a sheet of protective paper completely enveloping the contents of the package, and an outer box or carton having overlapping and interlocking flaps with which the marginal portions of the lining sheet are interfolded, substantially as described."

These were rejected, and rejection acquiesced in. In what material respect the claims allowed differ from these I am unable to see. If they are to be considered as in the prior art, they would seem to be a complete disclosure. While the examiner seems to have rejected these claims upon their merits, it may have been for want of the fuller information contained in the amended claims and specification; so that the rejected claims should not, perhaps, be deemed in the prior art. Nevertheless the patent fails to disclose that degree of advance over the state of the art, as it existed at the date of its issue, which would justify the granting of the monopoly involved. It is not at all apparent that the increase in package trade was the result of any invention in the carton. Advertising and the protection given to the contents, other than that resulting from complainant's method of placing the lining and carton in unitary relation, may well account for the change in the manner and volume of trade in crackers and the like. Nor may the value of this outside protection, the so-called advertising wrapper of the principal licensee, be overlooked. Whatever the purpose in its use, it still is an additional resistance to injury of the package contents, as well as a means for keeping the different outside faces of the carton in shape.

The whole case considered, the ruling of the Circuit Court of Appeals for the Eighth Circuit seems to have been well in line with the facts and the law. Neither complainant's method of packing nor his package are deemed possessed of patentable novelty.

The bill is dismissed for want of equity.